# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON

**CIVIL ACTION NO. 18-184-DLB-CJS**

**DARIUS EHTESHAMI**                                                                          **PLAINTIFF**

**vs.**                                          **MEMORANDUM ORDER**

**RANDY LANIGAN, et al.**                                                   **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. Introduction

This is a breach of contract action, initiated by Plaintiff Darius Ehteshami's filing of a Complaint in the Kenton County Circuit Court. (Doc. # 1-2 at 2). The lawsuit was removed to this Court on October 22, 2018. (Doc. # 1). The case is presently before the Court on Plaintiff's Motion to Remand the action to state court. (Doc. # 4). While the time for Defendants to respond pursuant to LCR 7.1(c) has not yet elapsed, the issue of remand may be addressed *sua sponte*. *See Thompson v. Karr*, 182 F.3d 918, 1999 WL 519297 at *3-4 (6th Cir. 1999) (table opinion) (raising removal under § 1441(b)(2) *sua sponte*, "since it relates to our jurisdiction"). For the reasons set forth herein, this civil action is **remanded** to the Kenton County Circuit Court.

## II. Factual and Procedural Background

According to the Complaint, on July 16, 2018, the parties entered into a contract whereby Plaintiff agreed to purchase a parcel of real property from the Defendants. (Doc. # 1-2 at 3). The complaint further alleges that Defendants breached their obligation to Plaintiff by failing to close on the contract on or before the closing date of September 30,

2018. *Id.* at 6. Plaintiff seeks, *inter alia*, damages and specific performance under the contract. *Id* at 6-7.

Defendants filed a Notice of Removal on October 22, 2018, asserting that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) and, consequently, that the action is removable under 28 U.S.C. § 1441(a). (Doc. # 1). Plaintiff opposes Defendants' removal and seeks remand to the Kenton Circuit Court. Specifically, Plaintiff asserts that Defendants—as citizens of Kentucky—are barred from removing this action pursuant to 28 U.S.C. § 1441(b)(2). (Doc. # 4).

## III. Analysis

An action filed in state court may be removed pursuant to 28 U.S.C. § 1441(a) if a federal district court also has original jurisdiction over the action. In their Notice of Removal, Defendants maintain that diversity subject matter jurisdiction exists because the amount in controversy exceeds $75,000 and the action is between citizens of different states. (Doc. # 1). Specifically, Defendants assert that Plaintiff is a citizen of Ohio, while each of the Defendants is a citizen of Kentucky. *Id.* at 2. In his Motion to Remand, Plaintiff asserts that under 28 U.S.C. § 1441(b)(2), removal of a case based upon diversity of citizenship is not proper where the named defendants are citizens of the state in which the action is brought. (Doc. # 4).

Although at first blush the removal requirements have been satisfied, as the amount in controversy is not in dispute and the parties are diverse in citizenship, Congress has placed an important limitation on the right of removal under 28 U.S.C. § 1441. The statute provides in relevant part:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2). This is commonly known as the forum-defendant rule. *See In re Darvocet, Darvon & Propoxyphene Prod. Liab. Litig.*, No. 2:11-md-2226, 2012 WL 2919219, at *2 (E.D. Ky. July 17, 2012); *Athena of SC, LLC. v. Macri*, No. 3:15-cv-41, 2015 WL 11108894, at *1 (E.D. Tenn. Aug. 20, 2015).

The forum-defendant rule "generally prohibits defendants from removing a case to federal district court when the concerns that underpin diversity jurisdiction (i.e. prejudice to out-of-state defendants) are not present because the plaintiff chose to file suit in the defendant's own home state courts." *Ethington v. Gen. Elec. Co.*, 575 F. Supp.2d 855, 858 (N.D. Ohio 2008). *See United Steel Supply, LLC v. Buller*, 3:13-cv-362, 2013 WL 3790913, at *1 (W.D. Ky. July 19, 2013) (stating that the rule "is designed to prevent a forum resident defendant from removing to federal court, because doing so would run counter to the rationale for removal."). *See also Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (observing that "the purpose of diversity jurisdiction is to provide a federal forum for out-of-state litigants where they are free from prejudice in favor of a local litigant," but that "the need for such protection is absent . . . in cases where the defendant is a citizen of the state in which the case is brought.") (citations omitted).

Hence, "even if there is complete diversity among the parties, the presence of a properly joined and served resident defendant bars removal." *Macri*, 2015 WL 11108894, at *1. If a timely challenge is made to such defect in removal, then § 1447(c) directs the district court to remand the case. *Id.* (citing *Southwell v. Summit View of Farragut, LLC*, 494 F. App'x 508, 511 n.2 (6th Cir. 2012)).

Here, it is undisputed that Defendants are citizens of the Commonwealth of Kentucky. *See* (Doc. # 1 at 2; Doc. # 1-2 at 2). Further, Plaintiff moved to remand on this basis within thirty days of the removal pursuant to 28 U.S.C. § 1447(c). Thus, 28 U.S.C. § 1441(b)(2) bars removal. As this case involves an action for breach of contract under Kentucky law and does not present a federal question under 28 U.S.C. § 1331 or any other independent basis for federal jurisdiction, the Court must remand. *See Macri*, 2015 WL 11108894 at *2.

## IV. Conclusion

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. # 4) is **GRANTED**, and this matter is hereby **REMANDED** in its entirety to the Kenton County Circuit Court from which it was removed, and **STRICKEN** from the active docket of this Court.

This 25th day of October, 2018.

Signed By:
*David L. Bunning* DB
United States District Judge